```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
                              *
MARCUS DAVIS
                              *
          Plaintiff,
                              *
     vs.                          CIV. ACTION NO. MJG-17-3110

UNIVERSAL AMERICAN MORTGAGE   *
COMPANY, LLC, ET AL,
                              *
          Defendants
*     *     *     *     *     *     *     *     *
```

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Stay Court Proceedings [ECF No. 5], Defendants' Motion to Dismiss [ECF No. 9], and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

I.   BACKGROUND

Plaintiff Marcus Davis ("Davis" or "Plaintiff") resides in Waldorf, Maryland, and lost his home to a completed foreclosure proceeding in state court.  He now sues Defendants in federal court, alleging that his procedural due process rights were violated in state court, that Defendants did not have the right to foreclose the property, and that Defendants violated the Real Estate Settlement Procedures Act ("RESPA").  He seeks a declaratory judgment and quiet title to the property.

In February 2007, Davis purchased a home at 9464 Vess

Court, Waldorf, Maryland using a $407,650.00 loan, executed with a promissory note ("Note") which listed Defendant Universal American Mortgage Company, LLC ("UAMC") as the Lender.  See Def.'s Mot. Ex. A, ECF No. 9-2.  The loan was secured by a Purchase Money Deed of Trust ("Deed of Trust") recorded against the property.  Def.'s Mot. Ex. B, ECF No. 9-3.  The Deed of Trust stated that Defendant Mortgage Electronic Registration Systems ("MERS"), acting as "nominee for Lender and Lender's successors and assigns," is the "beneficiary" of "this Security Instrument."  Id. at 4.  The Deed of Trust further states that "MERS . . . has the right . . . to foreclose and sell the Property."  Id.

On May 31, 2007, MERS assigned the Deed of Trust to Defendant HSBC Bank USA, N.A. ("HSBC").[1]  Def.'s Mot. Ex. C, ECF No. 9-4.  Although the Complaint does not state why Ocwen Loan Servicing, LLC ("Ocwen") is part of the lawsuit, the record shows that Ocwen was the "attorney in fact" for HSBC.  See Def.'s Mot. Ex. D, ECF No. 9-5.

Plaintiff defaulted on the loan, and on October 15, 2015, the substitute trustees appointed under the Deed of Trust filed a Foreclosure Action on behalf of HSBC in state court.  Def.'s

---

[1] Specifically, the assignment was made to "HSBC Bank USA, N.A., as Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-ASAP2, Asset Backed Pass-Through Certificates."  Def.'s Mot. Ex. C, ECF No. 9-4.

2

Mot. Ex. E, ECF No. 9-6. Plaintiff filed a motion to dismiss and a motion for summary judgment in the state action, both of which were denied. Id. at 7, 9. During the litigation process, the state court also denied one of Plaintiff's requests to compel discovery. Compl. ¶¶ 31-32.

On March 14, 2017, the home was sold in a foreclosure sale for $376,000.00, and the sale was ratified by the state court on June 2, 2017. Def.'s Mot. Ex. F, ECF No. 9-7; Def.'s Mot. Ex. E at 11, ECF No. 9-6. Plaintiff's motion to vacate the order of ratification was denied on August 10, 2017. Def.'s Mot. Ex. E at 11, ECF No. 9-6. On November 15, 2017, the state court issued a judgment awarding possession to the substitute trustees. Id. at 13.

Plaintiff did not appeal from the state court judgment, yet he states that he "has exhausted all of his State Court remedies in the Maryland State Trial Courts." Compl. ¶ 63. He filed his Complaint in federal court on October 24, 2017, followed by motions to stay in both federal and state courts. Def.'s Mot. Ex. G, ECF No. 9-8; ECF No. 5. The state court denied his motion to stay.[2] Def.'s Mot. Ex. E at 13, ECF No. 9-6.

---

[2] The Complaint states that Davis has also filed for Chapter 7 and Chapter 13 bankruptcy on two separate occasions. Compl. ¶¶ 25-26, 41, 61. Neither action appears to be currently active.

3

II.   LEGAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted).

When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not [suffice]." Id. A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Twombly, 550 U.S. at 557). Thus, if "the well-pleaded facts [contained within a complaint] do not permit the court to infer more than the mere possibility of misconduct, the

4

complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (alteration in original)).

III. DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed because (1) the Court lacks jurisdiction to hear this case under the Rooker-Feldman doctrine, (2) Plaintiff's claims are barred by the doctrine of res judicata, and (3) Plaintiff's claims fail to state a claim for which relief can be granted. The Court will address all of these arguments.

A. Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, federal district courts may not sit in appellate review of judicial determinations made by state courts. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 487 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."). Rather, "[j]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000). This doctrine also applies to claims that were not actually decided by the state court but "inextricably intertwined" with issues

before the state court. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).

Plaintiff did not appeal from the state court judgment, yet he states that he "has exhausted all of his State Court remedies in the Maryland State Trial Courts." Compl. ¶ 63. The Court finds that almost all of Plaintiff's claims are inappropriate attempts at appellate review of the state court's determinations in federal court. Count I alleges that the state court erred in a number of ways, including limiting Davis's filings and denying him discovery that he believed he was entitled to. Counts II and IV seek declaratory relief and quiet title, which amount to a challenge of the state court's judgment that the property was foreclosed and properly sold in a judicial sale. Count III is an argument about MERS's standing to bring a foreclosure action, which was briefed in Plaintiff's motion to dismiss in state court and denied. Def.'s Mot. Ex. I at 2, ECF No. 9-10.

Plaintiff improperly seeks appellate review of these state court determinations in federal district court. Counts I through IV must be dismissed based on the Rooker-Feldman doctrine.[3]

---

[3] The record is insufficient to determine whether Count V, the RESPA claim, may be dismissed under the Rooker-Feldman doctrine. However, for reasons stated below, Count V is dismissed under res judicata and for failure to state a claim upon which relief can be granted.

6

B. Res Judicata

Defendants argue that all of the claims asserted by Plaintiff are barred by the doctrine of res judicata.

This Court must apply Maryland res judicata law to this action. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered").

Under Maryland law, "the elements of res judicata, or claim preclusion, are: (1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and, (3) that there has been a final judgment on the merits." Anne Arundel Cty. Bd. of Educ. v. Norville, 390 Md. 93, 107 (2005). Maryland applies the "transactional approach," meaning that "if [] two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously," and "[a]ll matters which were litigated or could have been litigated in the earlier case 'are conclusive in the subsequent proceeding.'" Id. at 109 (emphasis in original).

There appears to be no dispute that the parties are the same or in privity with the parties in the state court foreclosure action, and that there was a final judgment on the foreclosure action. Plaintiff only challenges the second element, i.e., whether the claim presented in the current action is identical to the one determined in the prior adjudication. Pl.'s Opp. at 2, ECF No. 11 ("this matter is not the same as the state court foreclosure action as there are sufficiently plead [sic] further causes of action outside of the previously litigated foreclosure action").

The Court finds that Counts II, III, IV, and V have been brought or should have been brought in the state court action. The Court is satisfied that Counts II and IV have been litigated because they relate generally to Davis's rights in the property at issue, which is the subject of the entire state court foreclosure proceeding. Count III, regarding MERS's lack of authority to foreclose, was litigated in Davis's motion to dismiss in state court. See Def.'s Mot. Ex. I at 2, ECF No. 9-10. Finally, Count V is a RESPA claim which alleges that Defendants' actions in entering into the loan agreement with Plaintiff were "deceptive, fraudulent and self-serving," Compl. ¶ 116. This argument appears in Davis's Affidavit of Additional Facts in support of his motion for summary judgment, which was considered and denied by the state court. Def.'s Mot. Ex. I at

7-9, ECF No. 9-10 (Davis alleging "unclean hands," "misrepresentation," and "deception"). Even if his summary judgment motion in state court does not specifically allege a RESPA claim, under Maryland's "transaction test," the claim arose from the same set of facts and allegations of deception and should have been brought in state court. Anne Arundel Cty. Bd. of Educ., 390 Md. at 109.

Accordingly, Counts II through V of the Complaint are barred by res judicata.[4]

### C. Substantive Counts

Even if the Rooker-Feldman and res judicata doctrines do not apply, Plaintiff's substantive counts must still be dismissed for failure to state a claim upon which relief can be granted.

#### i. Count I: Due Process

Plaintiff alleges that he was denied his procedural due process rights when (1) the state court ordered that he not file any further proceedings in the case, (2) the Defendants did not give him notice of the transfers of the underlying Deed of

---

[4] On the current record, the Court is unable to make a determination about whether all of the issues alleged in Count I were actually litigated in state court. However, the Court will dismiss Count I under the Rooker-Feldman doctrine, supra, and for failure to state a claim upon which relief can be granted.

Trust, and (3) the state court denied his motion to compel discovery. Compl. ¶¶ 68-70.

The Court understands Plaintiff's claims to be procedural due process arguments under the Fourteenth Amendment and the Maryland Constitution. The standard for the process due to litigants under the federal constitution and under Maryland law are largely the same, i.e., notice and opportunity to be heard. Griffin v. Bierman, 403 Md. 186, 197 (2008) (explaining that a fundamental requirement of due process is "notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections"); Tri Cty. Paving, Inc. v. Ashe Cty., 281 F.3d 430, 436 (4th Cir. 2002) ("Due process of law generally requires that a deprivation of property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'").

The Fourteenth Amendment by itself does not create property interests. Rather, those interests "'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" Tri Cty. Paving, 281 F.3d at 436. In foreclosure actions under Maryland state law, litigants are provided with opportunities to challenge the foreclosure at various stages of the process (e.g., motions to dismiss or motions for post-sale exception to

10

the ratification of a sale). MD R PROP SALES Rule 14-211, 14-305, Kamara v. Shapiro Brown & ALT, LLP, No. 0471 SEPT. TERM 2015, 2016 WL 1064432, at *3 (Md. Ct. Spec. App. Mar. 17, 2016)).

The Court is satisfied that Plaintiff Davis took full advantage of the opportunities to challenge his foreclosure action in state court. He received notice of the foreclosure action and filed several dispositive motions. See Def.'s Mot. Ex. E at 7, 9, 11, ECF No. 9-6 (state court docket showing Davis filing a motion to dismiss, a motion for summary judgment, and a motion to vacate the order of ratification). The fact that these motions were denied by the state court on the merits does not give rise to a claim that Plaintiff's procedural due process rights were violated.

Plaintiff's other allegations also do not give rise to a plausible procedural due process claim. Plaintiff states that the state court "ordered" that he not file any further proceedings in the case, Compl. ¶¶ 43, 68, but does not state the circumstances under which the court made such a determination. In fact, by that date (allegedly, April 19, 2016), the state court had already entertained and denied several of Plaintiff's dispositive motions. Plaintiff also argues that he was not given notice of the transfers of the underlying Deed of Trust, but states no facts or legal authority

11

supporting a claim that this lack of notice was a denial of procedural due process rights in a foreclosure action under Maryland law.  Finally, Plaintiff contends that the state court denied his motion to compel "without explanation or hearing," but states no facts supporting a plausible claim that this denial was in violation of his procedural due process rights. Compl. ¶ 32.  Indeed, Plaintiff elected not to appeal the state court foreclosure determination, and may not use the federal district court as a vehicle for appeal.  See supra Section III.A.

Accordingly, Plaintiff has not stated a claim that his due process rights in his foreclosure action were denied.

### ii. Count II: Declaratory Relief

Plaintiff requests a declaratory judgment regarding the rights in the property, including a declaration that Plaintiff is entitled to exclusive possession and ownership in fee simple. Compl. ¶¶ 80-81.  This request appears to be based upon Plaintiff's assertion that Defendants "do not have authority to foreclose upon and sell the Property."  Id. ¶ 73.

Declaratory relief is not a substantive allegation by itself, but a remedy that this Court may provide if a party prevails on a substantive claim.  For this Count, Plaintiff simply reiterates his own belief regarding his rights to the

property.  He has not stated any facts, let alone facts sufficient to allege a claim upon which relief may be granted.  Accordingly, this Count is dismissed.

       iii. <u>Count III: Standing and Wrongful Foreclosure</u>

Plaintiff argues that HSBC had no right to foreclose because MERS lacked the authority to assign the Deed of Trust.  He argues that "the only individual[s] who ha[ve] standing to foreclose [are] the holder[s] of the note" which Plaintiff believes to be "the certificate holders of the securitized trust."  Compl. ¶ 85.  Plaintiff also alleges that "MERS has failed to submit documents authorizing [it], as nominee for the original lender, to assign the subject [the Deed of Trust] to the foreclosing trustee" and thus "lacked authority . . . to assign Plaintiff's [Deed of Trust]."  <u>Id.</u> ¶ 96.

Plaintiff's standing arguments are misplaced.  Under both arguments, the Court understands Plaintiff to be arguing that the wrong party exercised its rights to bring the foreclosure action in state court.  Plaintiff's claim must be denied to the extent that he is attempting to assert the alleged rights of third parties to challenge the foreclosure proceeding in state court.  <u>Wolf v. Fed. Nat. Mortg. Ass'n</u>, 512 F. App'x 336, 342 (4th Cir. 2013) ("a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the

legal rights or interests of third parties.'"); Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009) (same).

Moreover, the applicable law forecloses Plaintiff's arguments. This Court has held in the same or similar situations that MERS had the authority to act on behalf of the Lender. See, e.g., Mabry v. MERS, No. CIV.A. WMN-13-1700, 2013 WL 5487858, at *3 (D. Md. Oct. 1, 2013) (finding that a Deed of Trust which expressly states that MERS is the "beneficiary in its capacity as 'nominee for Lender'" permitted MERS to assign the mortgage); Wolf, 512 F. App'x at 342 (finding that a plaintiff who argued that the deed of trust did not provide MERS the right to assign the note "lacked standing to challenge the propriety of the assignment").

Moreover, courts have found that the MERS system of recordation is proper and that assignments made through that system are valid. Mabry, 2013 WL 5487858, at *3 ("To the extent that Plaintiff's challenge to MERS's authority to assign the Note challenges the MERS recordation system entirely, the Court finds it similarly without merit."); Suss v. JP Morgan Chase Bank, N.A., No. CIV.A-WMN-09-1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010) ("As to Plaintiff's criticism of MERS, courts that have considered the issue have found that the system of recordation is proper and assignments made through that system are valid."); Parker v. Am. Brokers Conduit, 179 F. Supp. 3d

509, 516 (D. Md. 2016) ("Courts in this Circuit and elsewhere have routinely rejected challenges to loan securitization and assignments executed through the MERS system").

The Deed of Trust is explicit in its language about MERS's authority to assign. The Deed of Trust stated that Defendant Mortgage Electronic Registration Systems ("MERS"), acting as "nominee for Lender and Lender's successors and assigns," is the "beneficiary" of "this Security Instrument." Def.'s Mot. Ex. B at 4, ECF No. 9-3. It also provides that "MERS . . . has the right . . . to foreclose and sell the Property." Id.

Accordingly, the Court must dismiss Count III for failure to state a claim upon which relief can be granted.

### iv. Count IV: Quiet Title

Plaintiff argues that "the claim of all Defendant [sic] are without any right whatsoever, and defendants have no right . . . to the property" and that the Defendants' claims "constitute a cloud on plaintiff's title to the property." Compl. ¶¶ 107-08. The Court understands Plaintiff to be requesting free and clear title to the property.

Under Maryland law, "a quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought either

because the lien was invalidly created, or has become invalid or has been satisfied." Kasdon v. G. W. Zierden Landscaping, Inc., 541 F. Supp. 991, 995 (D. Md. 1982), aff'd sub nom. Kasdon v. United States, 707 F.2d 820 (4th Cir. 1983). A quiet title action "'cannot, as a general rule, be maintained without clear proof of both possession and legal title in the plaintiff.'" Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014) (internal citations omitted). Under Maryland law, "the plaintiff bears the burden of proving both possession and legal title." Id.

Plaintiff's claim fails as a matter of law because he has not carried his burden of proving possession and legal title. If, as here, the Plaintiff has conveyed the property "through the medium of a deed of trust to trustees securing repayment of a loan, [the Plaintiff] no longer [has] a claim to legal title to the property and a quiet title action is not appropriate." Harris v. Household Fin. Corp., No. CIV. RWT 14-606, 2014 WL 3571981, at *2 (D. Md. July 18, 2014). See also Anand, 754 F.3d at 198 ("the Anands are not entitled to the benefits of a quiet title action because they are not authorized by statute to resolve clouds on a legal title which they do not own.").

Plaintiff purchased his home on a loan, which was secured by a Deed of Trust recorded against the property. Def.'s Mot. Ex. B, ECF No. 9-3. Plaintiff then defaulted on the loan and

the property was sold in a judicial sale following a foreclosure proceeding. Def.'s Mot. Ex. E, ECF No. 9-6. On November 15, 2017, the state court issued a judgment awarding possession to the substitute trustees. Id. at 13. Because Plaintiff does not have legal title in the property, he fails to state a quiet title claim, and this Count must be dismissed.

### v. Count V: RESPA

Finally, Plaintiff argues that Defendants "violated RESPA due to the alleged payments, for transfer, between the Defendants [which] were misleading and designed to create a windfall." Compl. ¶ 116. Plaintiff concludes–without any factual support–that Defendants' actions in entering into the loan agreement with Plaintiff were "deceptive, fraudulent and self-serving." Id. Defendants argue that any claim under RESPA is time-barred.

"RESPA creates a private right of action for only three types of wrongful acts: (1) failure of a loan servicer to provide proper notice about a transfer of servicing rights or to respond to a qualified written request for loan information, 12 U.S.C. § 2605; (2) payment of a kickback or unearned fees for real estate settlement services, 12 U.S.C. § 2607; and (3) requiring a buyer to use a title insurer chosen by the seller, 12 U.S.C. § 2608." Grant v. Shapiro & Burson, LLP, 871 F. Supp.

2d 462, 470 (D. Md. 2012). Violations of Section 2605 have a three year statute of limitations, and violations of Sections 2607 and 2608 have a one year statute of limitations. 12 U.S.C. § 2614.

The Complaint does not clearly allege how Defendants violated RESPA. Plaintiff appears to argue that Defendants have gained a disproportionate financial benefit from the interest received on the loan made to Plaintiff, when compared to Plaintiff's current stressed financial state. RESPA does not provide a remedy for this kind of allegation.

Regardless, any claim under RESPA is barred by the statute of limitations. The limitations period begins to run "'from the date of the occurrence of the violation,' which generally refers to the date of closing for loan origination violations." Grant, 871 F. Supp. 2d at 470. The closing of the property occurred in February 2007, and the Complaint was filed more than 10 years later. Besides a single conclusory statement in his opposition, see Pl.'s Opp. ¶ 17, ECF No. 11 ("the RESPA claims are not barred by any applicable statute of limitations"), Plaintiff has not offered a reason why a different tolling date would apply.[5] Accordingly, this claim must be dismissed.

---

[5] Even if Plaintiff attempted to offer an equitable tolling theory under RESPA, he would not prevail because he has not alleged with specificity "'fraudulent concealment on the part of the defendants'" and the "inability of the plaintiff, despite

IV.     MOTION TO STAY COURT PROCEEDINGS

Plaintiff seeks a stay of any remaining state court proceedings in Laura O'Sullivan v. Marcus Davis, No. 08-C-15-002687 (in the Circuit Court for Charles County), during the pendency of this federal case.

For the reasons stated above, the Court will grant Defendants' Motion to Dismiss and will enter a Judgment Order for Defendants.  Once issued, there will be no active federal court proceedings in this case.  Accordingly, Plaintiff's Motion to Stay State Court Proceedings is DENIED as moot.

---

due diligence, to discover the fraud."  Grant, 871 F. Supp. 2d at 470 n. 10.

V. <u>CONCLUSION</u>

For the foregoing reasons:

1. The Motion of Defendants, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., as Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-ASAP2, Asset Backed Pass-Through Certificates, and Mortgage Electronic Registration Systems, Inc. to Dismiss Complaint of Plaintiff, Marcus Davis, Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 9] is GRANTED.

2. Plaintiff Marcus Davis's Motion to Stay State Court Proceedings [ECF No. 5] is DENIED.

3. All claims against all Defendants are hereby dismissed.

4. Judgment for Defendants shall be entered by separate Order.

SO ORDERED, this <u>Tuesday, January 30, 2018</u>.

/s/
Marvin J. Garbis
United States District Judge